1
2
3
4
5
6
7

**O**

8
9
10

# United States District Court
# Central District of California

11

JOY JOHNSON et al.,

12

Plaintiffs,

13

v.

14

NAVIENT CORPORATION et al.,

15

Defendants.

16

Case № 2:24-cv-03164-ODW (SKx)

**ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND GRANTING DEFENDANTS' MOTION TO DISMISS [12] [21]**

17

## I.    INTRODUCTION

18   Plaintiffs Joy Johnson and Micah Brown bring this action against Defendants
19 Navient Corporation and Navient Solutions, LLC (collectively "Navient") for
20 allegedly breaching a student loan contract.  (First Am. Compl. ("FAC"), ECF
21 No. 19.)  Plaintiffs moved to remand and then filed their FAC.  (Mot. Remand, ECF
22 No. 12; FAC.)  Defendants now move to dismiss Plaintiffs' first, second, fifth, sixth,
23 and seventh causes of action for failure to state a claim under Federal Rule of Civil
24 Procedure ("Rule") 12(b)(6). (Mot. Dismiss, ECF No. 21.)  For the reasons discussed
25 below, the Court **DENIES** Plaintiffs' Motion to Remand and **GRANTS** Defendants'
26 Motion to Dismiss **WITH LEAVE TO AMEND**.[1]

27

28   [1] Having carefully considered the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

1

## II.     BACKGROUND

2       The following facts are taken from Plaintiffs' FAC unless otherwise noted.  *See*

3  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that well-pleaded factual

4  allegations are accepted as true for purposes of a motion to dismiss).

5  **A.     Factual Background**

6       Johnson obtained three private student loans to attend law school.  (FAC ¶¶ 23–

7  24.)  Johnson's uncle, Brown, cosigned these three loans.  (*Id.* ¶ 23.)  Both Johnson

8  and Brown are citizens of California.  (Notice Removal ("NOR") ¶ 8, ECF No. 1.)

9       After completing law school, Johnson made payments on the three loans.  (FAC

10  ¶ 26.)    Navient  Solutions,  LLC—a  wholly-owned  subsidiary  of  Navient

11  Corporation—serviced the loans.  (*Id.* ¶ 24.)  Both Navient Solutions and Navient

12  Corporation are citizens of Delaware and Virginia.  (NOR ¶¶ 9–10.)

13       Plaintiffs allege that Johnson and a "Navient representative" revised the terms

14  of the student loan contract[2] through a phone call in 2016.  (FAC ¶ 27.)  During the

15  call, the two parties modified "the amount of the [monthly] payment, the interest

16  rate[,] and the term of the contract."  (*Id.*)  The two parties allegedly agreed that the

17  monthly loan payment would be "an amount just under $500.00."  (*Id.*)  Additionally,

18  "the payment was fixed and to be applied to three loans[:] [loan no.] 4759 with a

19  3.0% interest rate, [loan no.] 4092 with a 3.5% interest rate, [and loan no.] 4100 with a

20  3.0% interest rate for the life of the loans."  (*Id.*)  The "Navient representative"

21  allegedly  "assured"  Johnson  that  this  new  rate  "would  not  adjust."  (*Id.*)  The

22  representative also informed Johnson that, after Johnson made consecutive loan

23  payments, Brown would be released as cosigner.  (*Id.* ¶ 29.)  Johnson and Brown

24  allege this new agreement was recorded, but they "never received a written copy of

25  the agreement, despite requests."  (*Id.* ¶ 27.)

26

---

27  [2] Plaintiffs use both "contract" and "contracts" to describe the student loans.  (FAC ¶ 27.)  In their
    pleadings, neither party has specified which contract or contracts are the primary grounds for the
28  present legal action.  For clarity and judicial economy, the Court will treat the three student loans as
    one contract until otherwise noticed by the parties.

1        Johnson subsequently made payments and applied to have Brown released as

2 cosigner from the loans, but Navient denied the request. (*See id.* ¶¶ 28, 30.) In

3 March 2023, Johnson realized her interest rate had increased, and her autopayment

4 deduction had increased from $500 to over $800, an amount to which she contends

5 she never agreed to pay. (*Id.* ¶ 31.) Johnson and Brown disputed these changes and

6 requested that Navient send them an accounting and the original loan agreement and

7 documents. (*Id.* ¶ 32.) Navient advised Johnson and Brown to wait seven to ten

8 business days for the request to be fulfilled. (*Id.* ¶ 33.) The request was never

9 fulfilled. (*Id.*)

10 **B.**    **Procedural Background**

11        On March 13, 2024, Plaintiffs initiated this action in California Superior Court.

12 (Mot. Remand 2.) Plaintiffs allege contract, negligence, and consumer protection

13 claims. (FAC ¶¶ 41–117.) They seek compensatory, special, general, punitive, and

14 exemplary damages, in addition to attorneys' fees and costs. (FAC, Prayer ¶¶ 1–5.)

15 Plaintiffs also request that "Defendants be ordered to cancel the remaining balance on

16 Plaintiffs' student loan account" and to return "all student loan payments unlawfully

17 collected with interest." (*Id.* ¶¶ 3–4; NOR Ex. 1 ("Compl."), Prayer ¶¶ 3–4, ECF

18 No. 1-1.)

19        On April 17, 2024, Defendants removed the case to this Court and, on May 17,

20 2024, Plaintiffs moved to remand. (NOR; Mot. Remand.) Before the Court ruled on

21 Plaintiffs' Motion to Remand, on June 25, 2024, Plaintiffs filed their FAC and then

22 Defendants moved to dismiss. (FAC; Mot. Dismiss.) Both Motions are fully briefed.

23 (Opp'n Mot. Remand, ECF No. 14; Reply ISO Mot. Remand, ECF No. 16; Opp'n

24 Mot. Dismiss, ECF No. 22; Reply ISO Mot. Dismiss, ECF No. 23.)

25                  **III.**      **LEGAL STANDARDS**

26        Different legal standards govern the two pending motions. Plaintiffs' Motion to

27 Remand is governed by 28 U.S.C. § 1441, while Defendants' Motion to Dismiss is

28 governed by Rule 12(b)(6).

## A.    28 U.S.C. § 1441

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.*

Federal courts have original jurisdiction when an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. A defendant may remove a case from a state court to a federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

## B.    Rule 12(b)(6)

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV.   DISCUSSION

Plaintiffs argue that removal is improper, and that they sufficiently plead their causes of action. (Mot. Remand 9; Opp'n Mot. Dismiss 2.) Defendants contend that removal is proper, and that Plaintiffs fail to sufficiently plead their first, second, fifth, sixth, and seventh causes of action. (NOR ¶¶ 1–15; *see* Mot. Dismiss 1–2.) As discussed below, the Court finds (1) Defendants' removal is proper, and (2) Plaintiffs fail to sufficiently plead their first, second, fifth, sixth, and seventh causes of action.

1    **A.    Motion to Remand[3]**

2    As a preliminary matter, Defendants ask the Court to take judicial notice of

3    (1) promissory notes in connection to the student loans and (2) payment histories of

4    the student loans, in connection with establishing that removal is proper.  (Defs.' Req.

5    Judicial Notice ISO NOR ("DRJN") 2–3, ECF No. 4.)  The Court need not rely on

6    these documents to resolve the Motion to Remand, particularly because Plaintiffs do

7    not dispute citizenship or amount in controversy in their Motion to Remand.  (*See*

8    Mot. Remand 4–9.)  Thus, the Court denies Defendants' request for judicial notice.

9    Here, Defendants argue removal is proper because the Court has subject matter

10    jurisdiction under 28 U.S.C. § 1332.  (NOR ¶ 1.)  Plaintiffs erroneously challenge

11    removal by claiming Defendants' contractual activities established "minimum

12    contacts" in California—a test used in *personal* jurisdiction analysis, not *subject*

13    *matter* jurisdiction analysis.   (Mot. Remand 8–9); *see Burger King Corp. v.*

14    *Rudzewicz*, 471 U.S. 462, 473–74, 480 (1985) ("[A] forum legitimately may exercise

15    personal jurisdiction over a nonresident who 'purposefully directs' his activities

16    toward forum residents.").  As previously discussed, § 1332 requires that the parties

17    be diverse in citizenship and the amount in controversy exceeds $75,000.  The Court

18    finds Defendants sufficiently plead these requirements.

19    *1.    Diversity of Citizenship*

20    To satisfy the diversity requirement, Defendants must allege that the parties are

21    citizens of different states.  28 U.S.C. §§ 1332(a)(1), 1446(c).  Defendants allege that

22    Plaintiffs are citizens of California.  (NOR ¶ 8); *Kanter v. Warner-Lambert Co.*,

23    265 F.3d 853, 857 (9th Cir. 2001) (providing that a natural person's state citizenship is

24    determined by her state of domicile).  Additionally, Defendants allege that they are

25    citizens of Delaware and Virginia, because Navient Corporation is a Delaware

26

27    [3] For purposes of Plaintiffs' Motion to Remand, the Court considers Plaintiffs' initial complaint
because diversity jurisdiction is determined at the time of removal.  *See Soto v. Kroger Co.*,

28    No. 8:12-cv-0780-DOC (RNBx), 2013 WL 3071267, at *3 (C.D. Cal. June 17, 2013) (providing that
subject matter jurisdiction is determined at time of removal).

1  corporation with a principal place of business in Virginia, and Navient Solutions is an

2  LLC whose only owner/member is Navient Corporation.  (NOR ¶¶ 9–10); 28 U.S.C.

3  § 1332(c) (providing that a corporation is a citizen of every state in which it is

4  incorporated and where it has its principal place of business); *Johnson v. Columbia*

5  *Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of

6  every state of which its owners/members are citizens.").  Thus, because Plaintiffs and

7  Defendants do not share state citizenship, Defendants satisfy the diversity requirement

8  of § 1332.

9       2.    *Amount in Controversy*

10      To satisfy the amount in controversy requirement, Defendants must show that

11  the amount exceeds "the sum or value of $75,000, exclusive of interest and costs."

12  28 U.S.C. §§ 1332(a), 1446(c).  "When the plaintiff's complaint does not state the

13  amount in controversy, the defendant's notice of removal may do so."  *Dart Cherokee*

14  *Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (citing 28 U.S.C.

15  § 1446(c)(2)(A)).    Additionally, a "defendant's amount-in-controversy allegation

16  should be accepted when not contested by the plaintiff or questioned by the court."

17  *Id.* at 87.  Here, Plaintiffs do not state an amount in controversy in their Complaint,

18  nor dispute Defendants' amount-in-controversy allegation.[4]  (Compl., Prayer ¶¶ 1–5;

19  NOR ¶¶ 12–15; *see generally* Mot. Remand.)  Thus, because Plaintiffs remain silent,

20  the Court needs only to determine whether Defendants properly include a "plausible

21

22

---

23  [4] In their Reply brief, Plaintiffs argue Defendants did not provide evidence supporting the amount in
24  controversy.  (Reply ISO Mot. Remand 6.)  However, "arguments raised for the first time in a reply
    brief are waived."  *See Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010).  Even if the Court
25  were to accept Plaintiffs' challenge, Defendants have still established, beyond a preponderance of
    the evidence, that the amount in controversy exceeds $75,000.  *See Dart Cherokee*, 574 U.S. at 89
26  ("Evidence establishing the amount [in controversy] is required by § 1446(c)(2)(B) only when the
    plaintiff contests, or the court questions, the defendant's allegation."); *In re NVIDIA Corp. Sec.*
27  *Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014) (noting that a court can consider documents incorporated
28  in a complaint by reference); DRJN Ex. B ("Loan Payment Histories"), ECF No. 4-2 (demonstrating
    that the total amount of Plaintiffs' student loans exceeds $75,000).

1    allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*

2    *Cherokee*, 574 U.S. at 89 (citing 28 U.S.C. § 1446(a)).

3          Here, Defendants make a plausible allegation as to the amount in controversy.

4    Defendants allege that Plaintiffs seek to cancel a total of $85,794.37 collectively,

5    combining the three loans.  (NOR ¶ 14.)  Defendants include a breakdown showing

6    "[l]oan no. 4092 currently has an unpaid balance of $34,634.28, loan no. 4100 has an

7    unpaid balance of $36,853.59, and loan no. 4759 has an unpaid balance of

8    $14,306.50."  (*Id.*)  Defendants' allegation is plausible because the amount in

9    controversy is calculated from the "promissory notes and payment histories for the

10   loans at issue."  (*Id.*; *see also* DRJN Exs. A–B, ECF Nos. 4-1 to 4-2.)  As $85,794.37

11   is plausible and exceeds $75,000, Defendants sufficiently allege the requisite amount

12   in controversy.

13         Accordingly, because Defendants sufficiently plead both the diversity of

14   citizenship and the amount in controversy requirements of § 1332, the Court **DENIES**

15   Plaintiffs' Motion to Remand.

16   **B.    Motion to Dismiss[5]**

17         Plaintiffs assert seven causes of action: (1) breach of contract; (2) breach of

18   covenant of good faith and fair dealing; (3) promissory estoppel; (4) violation of

19   California   Business   and   Professions   Code   section   17200;   (5) negligent

20   misrepresentation; (6) violation of the California Consumer Credit Reporting Act; and

21   (7) violation of the California Student Borrower Bill of Rights Act.  (FAC ¶¶ 41–117.)

22         Defendants move to dismiss Plaintiffs' first, second, fifth,[6] sixth, and seventh

23   causes of action, arguing that Plaintiffs fail to sufficiently plead each under

24   Rule 12(b)(6).

25

26

27   [5] For purposes of Defendants' Motion to Dismiss, the Court considers Plaintiffs' operative FAC.

[6] Consistent with the parties' reliance on California common law in their pleadings and briefing, the
28   Court similarly applies California common law to the first, second, and fifth causes of action. (*See,
e.g.*, FAC ¶ 42; Mot. Dismiss 3.)

*1.     Breach of Contract*

In their first cause of action for breach of contract, Plaintiffs allege that Defendants breached the terms of the orally modified student loan contract.  (FAC ¶¶ 44–52.)  Defendants argue that Plaintiffs fail to allege the oral modification to the student loan contract is valid and enforceable.  (Mot. Dismiss 2–4.)

Under California law, a breach of contract claim has four elements: "(1) the existence of [a] contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff."  *Piedmont Cap. Mgmt., L.L.C. v. McElfish*, 94 Cal. App. 5th 961, 968 (2023) (alteration in original) (quoting *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011)).  The party alleging the first element—existence of a contract—is required to show that the contract is valid.  *See Stover v. Experian Holdings, Inc.*, 978 F.3d 1082, 1086 (9th Cir. 2020) ("As the party alleging the existence of a contract . . . [plaintiff] has the burden to prove each element of a valid contract."); *San Diego City Firefighters, Loc. 145 v. Bd. of Admin. of San Diego City Emps.' Ret. Sys.*, 206 Cal. App. 4th 594, 606 (2012) ("[T]he existence of a valid contract is necessary . . . [for plaintiffs] to prevail on their claims of breach of contract.").

"A contract in writing may be modified by an oral agreement to the extent that the oral agreement is executed by the parties."  Cal. Civ. Code § 1698(b).  The meaning of "executed" may depend on factual circumstances; however, to the extent the underlying contract is subject to the Statute of Frauds, so too is an oral agreement to modify that contract.  *See id.* § 1698(c).  Under California's Statute of Frauds suretyship provision,[7] a promise to answer for the debt of a third person must be in

---

[7] *See generally* Restatement (Third) of Suretyship and Guar. § 11 (1996) ("The suretyship provision of the Statute [of Frauds] is not limited to important or complex contracts, but applies to secondary obligations created by promises made to an obligee of the underlying obligation.").  A surety or guarantor is "one who promises to answer for the debt, default, or miscarriage of another."  Cal. Civ. Code § 2787 ("The distinction between sureties and guarantors is hereby abolished.").  Further, "a suretyship obligation must be in writing, and signed by the surety."  *Id.* § 2793.  *But see id.* § 2794 (providing a series of exceptions to sections 2787 and 1624(a)(2)).

writing and signed by the parties.  *Id.* § 1624(a)(2).  If a contract that is subject to the Statute of Frauds is not in writing or signed by the parties, then the contract is invalid and unenforceable.  *Id.*; *see Nielsen Constr. Co. v. Int'l Iron Prods.*, 18 Cal. App. 4th 863, 869 (1993).

California consumer credit contract law defines a cosigner as "a natural person, other than the primary obligor or the spouse of the primary obligor, who renders himself or herself liable for the obligation on a consumer credit contract without compensation."  Cal. Civ. Code § 1799.101(a)(3).  Logically, a student loan contract with a cosigner who promises to answer for the debt of the student debtor falls within the Statute of Frauds.  *Compare id.* (defining a cosigner as one who renders themselves liable for the primary obligor on a consumer credit contract), *with id.* § 1624(a)(2) (stating that a promise to answer for the debt of a third person must be in writing and signed by the parties).

Here, the student loan contract at issue in this action falls squarely within California's suretyship provision because Plaintiffs allege that Brown[8] made a promise to Defendants to pay Johnson's debt on the original contract.  (FAC ¶ 23); *see* Cal. Civ. Code § 2787 ("A surety or guarantor is one who promises to answer for the debt, default, or miscarriage of another, or hypothecates property as security therefor.").  Thus, because the student loan contract falls within the suretyship provision, Plaintiffs must allege the contract was in writing and signed by the parties for it to be valid.  Restatement (Third) of Suretyship and Guar. § 11 (1996) ("Pursuant to the Statute of Frauds, a contract creating a secondary obligation is unenforceable as a contract to answer for the duty of another unless there is a written memorandum satisfying the Statute of Frauds or an exception applies.").

Similarly, as Brown remained a cosigner on the modified agreement, it too must be in writing and signed to be valid.  (*See* FAC ¶ 45 (alleging Defendants promised to

---

[8] Plaintiffs also allege that Brown is a "cosigner," a "[c]o-[b]orrower," and an "older borrower."  (FAC ¶¶ 29, 30.)  Plaintiffs do not explain how these designations are relevant to their claims.  (*See generally* FAC; Opp'n Mot. Dismiss.)

release Brown as cosigner only after Johnson satisfied conditions precedent)); Cal. Civ. Code § 1698(c) ("The statute of frauds (Section 1624) is required to be satisfied if the contract as modified is within its provisions."). However, Plaintiffs do not allege that the modified agreement was in writing or that they signed it. (*See* FAC ¶¶ 27, 29.) Without a writing signed by the parties, the oral modification is invalid and unenforceable. *See* Cal. Civ. Code § 1624(a)(2). Further, Plaintiffs offer no basis to infer the Statute of Frauds does not apply, nor do they identify any applicable exceptions to the suretyship provision that might save the oral modification from its invalidation. (*See* FAC ¶¶ 41–52; Opp'n Mot. Dismiss 5.) The Court declines to conjure legal theories that may make the oral modification plausibly enforceable for pleading purposes.

By failing to allege that the parties signed in writing the modified student loan contract, Plaintiffs did not sufficiently plead the existence of a valid contract as required in a breach of contract cause of action. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss as to Plaintiffs' first cause of action.

       2.      *Breach of Covenant of Good Faith and Fair Dealing*

In their second cause of action, Plaintiffs allege that Defendants breached the covenant of good faith and fair dealing when they failed to adhere to the modified student loan contract. (FAC ¶¶ 53–61.) Defendants move to dismiss this claim on the grounds that Plaintiffs fail to allege an enforceable contract. (Mot. Dismiss 4–5.)

Under California law, an action for breach of covenant of good faith and fair dealing requires "a contractual relationship between the parties, since the covenant is an implied term in the contract." *Molecular Analytical Sys. v. Ciphergen Biosystems, Inc.*, 186 Cal. App. 4th 696, 711 (2010). Here, Plaintiffs do not clearly indicate whether the theory for breach of covenant applies to the original contract, the new contract, or both. (*See* FAC ¶ 57 (mentioning the original contract and the modification but failing to specify that either provides the basis for the cause of action).) The Court declines to speculate as to Plaintiffs' intent on which contract

1    they rely for this legal theory.  Accordingly, Plaintiffs fail to sufficiently plead their

2    cause of action for breach of covenant of good faith and fair dealing by not clearly

3    alleging a cognizable legal basis.

4        Thus, the Court **GRANTS** Defendants' Motion to Dismiss as to Plaintiffs'

5    second cause of action.

6        *3.    Negligent Misrepresentation*

7        In their fifth cause of action, Plaintiffs allege that Defendants are liable for

8    negligent misrepresentation because Defendants increased the interest rate on the

9    student loans despite previously promising not to do so.    (FAC  ¶¶ 95–105.)

10    Defendants argue the Court should dismiss this cause of action because Plaintiffs

11    allegations of Defendants' "false promises of future action" do not qualify as a

12    negligent misrepresentation under California law.  (Mot. Dismiss 5.)

13        Under California law, the five elements of negligent misrepresent are (1) "the

14    defendant made a false representation as to a past or existing material fact;" (2) "the

15    defendant made the representation without reasonable ground for believing it to be

16    true;" (3) "in making the representation, the defendant intended to deceive the

17    plaintiff;" (4) "the plaintiff justifiably relied on the representation;" and (5) "the

18    plaintiff suffered resulting damages." *Majd v. Bank of Am., N.A.*, 243 Cal. App. 4th

19    1293, 1307 (2015).  "Although a false promise to perform in the future can support an

20    intentional misrepresentation claim, it does not support a claim for negligent

21    misrepresentation." *Stockton Mortg., Inc. v. Tope*, 233 Cal. App. 4th 437, 458 (2014).

22        As a matter of California law, Defendants' alleged failure to keep a promise

23    regarding the student loan contract is not a false statement of fact for the purposes of

24    negligent misrepresentation.  (FAC ¶¶ 99–100); *see Hooked Media Grp., Inc. v. Apple*

25    *Inc.*, 55 Cal. App. 5th 323, 331 (2020) ("[T]here is no recognized cause of action for a

26    negligent misrepresentation based on a false promise."); *Tarmann v. State Farm Mut.*

27    *Auto. Ins. Co.*, 2 Cal. App. 4th 153, 159 (1991) ("[W]e decline to establish a new type

28    of actionable deceit: the negligent false promise.").  As Plaintiffs' legal theory relies

on a false promise, which is not a basis for negligent misrepresentation, Plaintiffs fail to sufficiently plead the first element required in this cause of action.

Thus, the Court **GRANTS** Defendants' Motion to Dismiss as to Plaintiffs' fifth cause of action.

### 4.    *Violation of the California Consumer Credit Report Act*

In their sixth cause of action, Plaintiffs allege that Defendants reported incomplete or inaccurate information to a credit reporting agency, and therefore violated the California Consumer Credit Report Act ("CCRA").  (FAC ¶¶ 106–12 (citing Cal. Civ. Code § 1785.25(a) ("CCRA")).)  Defendants argue that the Court should dismiss this cause of action because Plaintiffs fail to plead any "factually defective reporting, such as payment amounts not actually due."  (Mot. Dismiss 6.)

Under section 1785.25(a) of the CCRA, "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."   Here, Plaintiffs allege that Defendants furnished incomplete or inaccurate information to a credit reporting agency because "Defendant[s] furnished information it knew to be incomplete and/or inaccurate to a credit reporting agency." (FAC ¶ 108.)  Plaintiffs' factual allegations supporting this cause of action are merely restatements of the statutory language under section 1785.25(a).  (*See id.* ¶¶ 107–09.) The Court will not accept the truth of allegations that merely restate statutory language.  *See Iqbal*, 556 U.S. at 678 ("'[A] formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)).  Thus, because Plaintiffs do not provide any factual allegations that directly support their claim, Plaintiffs fail to sufficiently plead their cause of action under the CCRA.

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss as to Plaintiffs' sixth cause of action.

1          *5.      Violation of the California Student Borrower Bill of Rights Act*

2          In their seventh cause of action, Plaintiffs allege that Defendants violated eight

3    sections of the California Student Borrower Bill of Rights Act ("SBBOR").   (FAC

4    ¶¶ 113–17 (citing Cal. Civ. Code § 1788.101).)  Defendants argue Plaintiffs present a

5    "kitchen sink" claim because Plaintiffs "recite numerous prohibitions" under the

6    SBBOR and conclude that Defendants made "unspecified violations."    (Mot.

7    Dismiss 7.)

8          Rule 8 requires a complaint to contain "a short and plain statement of the claim

9    showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual

10   allegations are not required, but Rule 8 calls for "sufficient factual matter, accepted as

11   true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678

12   (quoting *Twombly*, 550 U.S. at 570).

13         Although "[n]o technical form is required" for Plaintiffs' allegations, *see* Fed.

14   R. Civ. P. 8(d)(1), listing eight sections of the SBBOR in hopes that some will apply

15   does not satisfy the pleading requirements of Rule 8, (*see* FAC ¶¶ 114–17).  Further,

16   Plaintiffs provide at best only one semi-factual allegation that directly supports this

17   cause of action: "As a result of Defendants' *violations* Plaintiffs have suffered

18   damages in an amount to be determined at trial." (*Id.* ¶ 117 (emphasis added).)  This

19   is a conclusory allegation, which the Court does not accept as true.  *See Iqbal*,

20   556 U.S. at 680–81 (holding that conclusory allegations are not assumed true).

21   Additionally, the Court declines to consider Plaintiffs' new legal theories raised in

22   their Opposition, as these theories do not appear in the operative pleading. (*See* Opp'n

23   Mot. Dismiss 10–14); *Lee*, 250 F.3d at 679 (noting a court is generally limited to the

24   pleadings when considering a Rule 12(b)(6) motion to dismiss); *Provencio v. Vazquez*,

25   258 F.R.D. 626, 639 (E.D. Cal. 2009) ("Raising a completely new theory of

26   liability . . . in a brief in opposition to a motion to dismiss does not grant [d]efendant

27   fair notice of [p]laintiffs' claim or the grounds upon which it rests.").  As Plaintiffs do

28   not state a clear, cognizable legal theory under the SBBOR, nor provide any factual

allegations as required by Rule 8, Plaintiffs fail to sufficiently plead a cause of action under the SBBOR.

Thus, the Court **GRANTS** Defendants' Motion to Dismiss as to Plaintiffs' seventh cause of action.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiffs' Motion to Remand, (ECF No. 12), and **GRANTS** Defendants' Motion to Dismiss, (ECF No. 21). Accordingly, the Court **DISMISSES** Plaintiffs' first, second, fifth, sixth, and seventh causes of action, **WITH LEAVE TO AMEND** to add factual allegations consistent with the challenged pleading to cure the above noted deficiencies. If Plaintiffs choose to amend, they must file their Second Amended Complaint no later than fourteen days from the date of this Order, in which case Defendants shall answer or otherwise respond within fourteen days of the filing. If Plaintiffs do not timely amend, this dismissal shall be deemed a dismissal with prejudice as to the first, second, fifth, sixth, and seventh causes of action, as of the lapse of the deadline to amend.

**IT IS SO ORDERED.**

October 15, 2024

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**