O

# United States District Court
# Central District of California

| | |
|---|---|
| JOY JOHNSON et al., <br><br> Plaintiffs, <br><br> v. <br><br> NAVIENT CORPORATION et al., <br><br> Defendants. | Case № 2:24-cv-03164-ODW (SKx) <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO PARTIALLY DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT [33]** |

## I.   INTRODUCTION

Plaintiffs Joy Johnson and Micah Brown initiated this action against Defendants Navient Corporation and Navient Solutions, LLC (collectively "Navient") for breach of a student loan contract.  (Second Am. Compl. ("SAC"), ECF No. 31.)  Defendants now move to dismiss five of Plaintiffs' seven causes of action under Federal Rule of Civil Procedure ("Rule") 12(b)(6).  (Mot. Dismiss ("Mot." or "Motion"), ECF No. 33.)  For the reasons discussed below, the Court **GRANTS** Defendants' Motion to Dismiss.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

The following facts are taken from Plaintiffs' Second Amended Complaint unless otherwise noted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that well-pleaded allegations must be accepted as true for purposes of a motion to dismiss).

### A. Factual Background

In 2005, Johnson obtained three private student loans through Navient to attend law school. (SAC ¶¶ 23–24, 45.) Brown cosigned for the loans. (*Id.* ¶ 23.) After completing law school, Johnson began making timely payments on the three loans. (*Id.* ¶ 26.)

In 2016, Johnson and Brown orally modified the terms of the student loan contract[2] over a telephone call with a "Navient representative." (*Id.* ¶ 27.) The oral modification extended the life of the loan until 2041, changed the payment to a "fixed" monthly amount of $497.21, and set a fixed interest rate for each of the three loans. (*Id.*) Further, Navient represented that it would release Brown as a cosigner after Johnson made "12 consecutive payments." (*Id.* ¶¶ 30, 98.) At the end of the call, the Navient representative "gave disclosures under California Law" and "assured" Johnson that "the monthly payment would be applied to the loans, the [interest] rate would be fixed, and [the rate] would not adjust for the life of the loan." (*Id.* ¶¶ 27–28.) The 2016 oral modification was "recorded," but "despite requests," Plaintiffs "never received a written copy." (*Id.* ¶ 27.)

Following the call, Johnson made an initial payment in the new monthly payment amount and established a recurring automatic monthly payment of $500. (*Id.* ¶¶ 27–28, 32.) Johnson continued making payments and noticed the loan balance decreasing. (*Id.* ¶ 29.) Johnson then applied to release Brown as a cosigner, but Navient denied the request. (*Id.* ¶ 31.)

---

[2] Plaintiffs use "contract" and "contracts" to describe the student loans. (SAC ¶ 27.) Neither party specifies in their filings which contract or contracts are the subject of this legal action. (*E.g.*, SAC ¶ 27; Mot. 2.) As in its prior order, for clarity and judicial economy, the Court will treat the three student loans as one contract until otherwise noticed by the parties.

Subsequently, in March 2023, Johnson discovered that her interest rate had increased "significantly" and the monthly autopayment deduction had increased from "$500" to "over $800." (*Id.* ¶ 32.) Johnson never authorized Navient to increase the deduction. (*Id.*)

Johnson wrote to Navient to dispute her loan balance, request an accounting, and request "the entirety of the original loan agreement and documents." (*Id.* ¶ 33.) Navient responded and advised Johnson to wait "7 to 10 business days" for the requested information. (*Id.* ¶ 34.) However, Navient never fulfilled Johnson's request and Johnson never received the requested information. (*Id.*)

**B.  Procedural Background**

Based on the above allegations, Plaintiffs filed this action against Defendants. In their First Amended Complaint, Plaintiffs previously asserted seven causes of action sounding in contract, negligence, and statutory consumer protection. (FAC ¶¶ 41–117, ECF No. 19.) Defendants moved to dismiss five of the seven causes of action, and the Court granted Defendants' previous motion, with leave to amend. (Mot. Dismiss FAC, ECF No. 21; Order Granting Mot. Dismiss FAC ("Prior Order") 15, ECF No. 28.)

Plaintiffs timely amended and again assert seven causes of action: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) promissory estoppel; (4) violation of the California Business and Professions Code section 17200; (5) intentional misrepresentation; (6) violation of the California Consumer Credit Reporting Act ("CCRA"); and (7) violation of the California Student Borrower Bill of Rights Act ("SBBOR"). (SAC ¶¶ 42–128.) Defendants again move to dismiss five of the seven causes of action under Rule 12(b)(6). (Mot. 1.) The Motion is fully briefed. (Opp'n, ECF No. 34; Reply, ECF No. 35.)

### III.  LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To

survive a dismissal motion, a complaint need only satisfy the "minimal notice pleading requirements" of Rule 8(a)(2). *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Iqbal*, 556 U.S. at 678 (holding that a claim must be "plausible on its face" to avoid dismissal).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Ultimately, there must be sufficient factual allegations "to give fair notice and to enable the opposing party to defend itself effectively," and the "allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear that any amendment could not save the complaint. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.  DISCUSSION

Defendants move to dismiss Plaintiffs' first, second, fifth, sixth, and seventh causes of action, arguing that Plaintiffs fail to sufficiently plead each under Rule 12(b)(6).

### A.  Breach of Contract (Count I)

In their first cause of action, Plaintiffs allege that Defendants breached the terms of the orally modified student loan contract (SAC ¶¶ 45, 51.) The Court previously dismissed this cause of action because Plaintiffs failed to allege a valid oral modification to a contract or an exception to the statute of frauds. (Prior Order 11.) Defendants again move to dismiss, arguing Plaintiffs fail to allege that the oral modification of the original student loan contract is valid and enforceable. (Mot. 3–4.)

Under California law, a breach of contract claim has four elements: "(1) the existence of [a] contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Piedmont Cap. Mgmt., L.L.C. v. McElfish*, 94 Cal. App. 5th 961, 968 (2023) (alteration in original) (quoting *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011)). The party alleging the first element—the existence of a contract—is required to show that the contract is valid. *See Stover v. Experian Holdings, Inc.*, 978 F.3d 1082, 1086 (9th Cir. 2020) ("As the party alleging the existence of a contract, [plaintiff] has the burden to prove each element of a valid contract."); *San Diego City Firefighters, Loc. 145 v. Bd. of Admin. of San Diego City Emps.' Ret. Sys.*, 206 Cal. App. 4th 594, 606 (2012) ("[T]he existence of a valid contract is necessary [for plaintiffs] to prevail on their claims of breach of contract . . . .").

Pursuant to California Civil Code section 1698(b), "[a] contract in writing may be modified by an oral agreement to the extent that the oral agreement is executed by the parties." The meaning of "executed" may depend on factual circumstances, but to the extent an underlying contract is subject to the statute of frauds, so too is any modification. *See id.* § 1698(c). Relevant here, California's statute of frauds suretyship

provision requires a promise to answer for the debt of a third person to be in writing and signed by the parties. *Id.* § 1624(a)(2). If a contract subject to the statute of frauds is not in writing or is not signed by the parties, the contract is invalid and unenforceable. *Id.*; *Nielsen Constr. Co. v. Int'l Iron Prods.*, 18 Cal. App. 4th 863, 869 (1993).

Based on Plaintiffs' allegations in the First Amended Complaint, the Court determined that the alleged oral modification is subject to the statute of frauds. (Prior Order 10–11.) In their Second Amended Complaint, Plaintiffs do not allege that the oral modification was reduced to a signed writing or that the oral modification falls outside the statute of frauds. (*See* SAC ¶¶ 42–55.) Instead, Plaintiffs argue their allegations satisfy the part performance exception to the statute of frauds, making the oral modification a valid contract. (Opp'n 6.)

Where a party has partially performed a contract that lacks a requisite writing, the party may avoid the statute of frauds if enforcing it would result in unconscionable injury. *Secrest v. Sec. Nat'l Mortg. Loan Tr.*, 167 Cal. App. 4th 544, 555 (2008). To invoke the exception, a party must demonstrate that their part performance is unequivocally referable to the alleged oral contract. *Rennick v. O.P.T.I.O.N. Care, Inc.*, 77 F.3d 309, 316 (9th Cir. 1996). In addition, "the party seeking to enforce the contract must have changed position in reliance on the oral contract to such an extent that application of the statute of frauds would result in an unjust or unconscionable loss, amounting in effect to a fraud." *Melendez v. U.S. Bank Nat'l Assoc.*, No. 2:15-cv-08633-SJC (AGRx), 2016 WL 446528, at *6 (C.D. Cal. Feb. 2, 2016) (quoting *Secrest*, 167 Cal. App. 4th at 555). However, under well-established California law, the payment of money alone does not constitute part performance sufficient to remove a contract from the statute of frauds because a "party paying money 'under an invalid contract . . . has an adequate remedy at law.'" *Secrest*, 167 Cal. App. 4th at 555 (alteration in original) (quoting *Anderson v. Stansbury, LLC*, 38 Cal. 2d 707, 716 (1952)); *see also Mediwake v. Aurora Loan Servs.*, No. 5:12-cv-00778-PSG (DTBx), 2012 WL 12888433, at *3 (C.D. Cal. Aug. 14, 2012) (holding that the payment of money alone is

insufficient part performance and reliance to establish an exception to the statute of frauds).

Plaintiffs' part performance began, and their position changed in reliance on the oral modification when, Johnson began making the modified $497.21 monthly payments. (SAC ¶ 49; Opp'n 6–7.) Plaintiffs allege that "in exchange for the new payment," the modified payment terms had become inconsistent with the original contract. (SAC ¶ 49.) Plaintiffs further allege that Johnson made the modified $497.21 payment for many months, and Defendants marked Johnson's loan balance as "current." (*Id.* ¶¶ 49–50.) These are the only allegations in the Second Amended Complaint from which the Court could infer Plaintiffs' part performance of the oral modification. (*See generally* SAC ¶¶ 42–55.) Consequently, Plaintiffs' theory of part performance rests entirely on making the modified $497.21 monthly payment. However, because the payment of money alone is insufficient to establish part performance, Plaintiffs have not sufficiently pleaded an exception to the statute of frauds. *Secrest*, 167 Cal. App. 4th at 555.

Accordingly, Plaintiffs fail to sufficiently plead the existence of a valid contract that satisfies the statute of frauds or a valid exception to the statute of frauds. Additionally, Plaintiffs can make no amendment consistent with the current pleading that would cure these deficiencies. Therefore, the Court **DISMISSES** Plaintiffs' first cause of action **WITHOUT LEAVE TO AMEND**.

**B.    Breach of the Covenant of Good Faith and Fair Dealing (Count II)**

In their second cause of action, Plaintiffs allege that Defendants breached the covenant of good faith and fair dealing because Defendants did not abide by the terms of the alleged oral modification. (SAC ¶ 60.) The Court previously dismissed this cause of action because Plaintiffs failed to clearly state to which contract the implied covenant applied: the original student loan or the oral modification. (Prior Order 11–12.) Defendants again move to dismiss this cause of action. (Mot. 5.)

Under California Law, an action for breach of the covenant of good faith and fair dealing requires "a contractual relationship between the parties, since the covenant is an implied term in the contract." *Molecular Analytical Sys. v. Ciphergen Biosys., Inc.*, 186 Cal. App. 4th 696, 711 (2010). As in the First Amended Complaint, Plaintiffs again fail to clarify upon which contract they assert this cause of action. (*See* SAC ¶ 60 (referencing both contracts without specifying which provides the basis for the cause of action).) Indeed, Plaintiffs make <u>no changes</u> to the second cause of action from the First Amended Complaint to the Second Amended Complaint. (*Compare* FAC ¶¶ 53–61, *with* SAC ¶¶ 56–64.)

Accordingly, for the same reasons discussed in the Prior Order, the Court **DISMISSES** Plaintiffs' second cause of action. As Plaintiffs declined to amend the second cause of action in light of the Court's prior order, dismissal here is **WITHOUT LEAVE TO AMEND**. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." (cleaned up)).

### C.     Intentional Misrepresentation (Count V)

In their First Amended Complaint, Plaintiffs asserted a fifth cause of action for negligent misrepresentation. (FAC ¶¶ 95–105.) The Court dismissed this cause of action because Plaintiffs premised it on a false promise, which was insufficient as a matter of law. (Prior Order 12–13.) In the Second Amended Complaint, rather than amending negligent misrepresentation, Plaintiffs now plead a cause of action for intentional misrepresentation. (SAC ¶¶ 97–111.) Plaintiffs allege that Defendants provided intentionally false and/or misleading information when they orally renegotiated Plaintiffs' loan. (SAC ¶ 103.) Defendants move to dismiss this cause of action, arguing that it is procedurally improper and insufficiently pleaded. (Mot. 6–7.)[3]

---

[3] Defendants also argue this cause of action is time-barred. (Mot. 6–7.) As the Court finds Plaintiffs fail to sufficiently plead the fifth cause of action, it declines to reach Defendants' third argument.

*1. Procedural Propriety*

Defendants first argue that Plaintiffs' change of the fifth cause action from negligent misrepresentation to intentional misrepresentation is procedurally improper. (Mot. 6.)

Under Rule 15(a)(2), a court should freely give leave to amend when justice so requires. Federal courts favor granting leave to amend liberally, as cases should be decided on their merits rather than procedural defects. *See Foman v. Davis*, 371 U.S. 178, 181 (1962). "Courts in this circuit generally hold that when a court grants leave to amend with specified limitations," a plaintiff does not have the freedom to make amendments beyond the scope of that leave. *Leszczynski v. Kitchen Cube LLC*, No. 8:23-cv-01698-MEMF (ADSx), 2025 WL 268852, at *4 (C.D. Cal. Jan. 21, 2025) (citing *DeLeon v. Wells Fargo Bank, N.A.*, No. 10-CV-01390, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010)). On the other hand, "a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) ("Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." (internal quotation marks omitted)). Therefore, unless an order clearly limits the scope of subsequent amendments, or "the opposing party would be unfairly prejudiced by a new or expanded claim, district courts have been loath to strike or dismiss those claims." *Robinson v. Clear Recon Corp.*, No. 2:20-cv-01874-KJM (CKDx), 2022 WL 2110502, at *3 (E.D. Cal. June 10, 2022).

Here, the language in the Prior Order granted leave to amend "to add factual allegations consistent with the challenged pleading to cure the above noted deficiencies." (Prior Order 15.) While the Court agrees with Defendants that this leave to amend is not unlimited, (*see* Mot. 6), Plaintiffs' changing the cause of action from negligent misrepresentation to intentional misrepresentation is not so inconsistent that it is outside the scope of the Court's express leave. Additionally, the amended cause of action is not so drastically different from that previously alleged such that Defendants

1 would face unfair prejudice. Therefore, consistent with the policy to resolve cases on the merits, the Court finds the change to intentional misrepresentation is within the scope of the Court's express leave and permitted.

*2. Sufficiency of Pleading*

Next, Defendants argue that the intentional misrepresentation cause of action is insufficiently pleaded and does not meet the heightened pleading standard for a claim sounding in fraud. (Mot. 7.) Plaintiffs contend they have sufficiently pleaded the elements of intentional misrepresentation based on a false promise. (*See* SAC ¶¶ 97–111; Opp'n 9.)

Under California law, a plaintiff must sufficiently plead five essential elements to state a claim for intentional misrepresentation: "(1) a misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) actual and justifiable reliance, and (5) resulting damage." *Aton Ctr., Inc. v. United Healthcare Ins. Co.*, 93 Cal. App. 5th 1214, 1245 (2023). A party claiming a misrepresentation based on a false promise must specifically allege and prove that the promisor did not intend to perform at the time the promise was made. *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 158 (1991); *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 974 (1997) (stating that a promise made without the intention to perform constitutes an implied misrepresentation of fact that may be actionable fraud).[4]

Here, Plaintiffs allege that Defendants assured them the student loan would stay at a fixed interest rate and monthly payment. (SAC ¶ 105.) They assert that Defendants also promised Johnson they would discharge Brown as a co-signor after Johnson made twelve consecutive payments. (*Id.*) Thus, Plaintiffs contend that Defendants' change

---

[4] A claim for intentional misrepresentation is subject to the heightened pleading standard of Rule 9(b). *See Ortiz v. Ocwen Loan Serv., LLC*, No. 2:08-cv-07663-MMM (RCx), 2009 WL 10671384, at *4 (C.D. Cal. June 17, 2009). However, as Plaintiffs fail to satisfy Rule 12(b)(6), the Court declines to reach the heightened requirements of Rule 9(b). *See Davidson v. Kimberly–Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (noting that causes of action grounded in fraud must satisfy pleading requirements under both Rules 12(b)(6) and 9(b)).

of the loan terms and refusal to remove Brown as a cosigner are evidence of "blatant misrepresentations." (SAC ¶ 110 (emphasis omitted).)

Even if the Court found the above allegations sufficient to plead a misrepresentation, Plaintiffs do not plead any of the other requisite elements. (*See generally* SAC ¶¶ 97–111.) Plaintiffs state, "[a]t the time Defendant Navient made the representations, Defendants knew the representations were false, or Defendants made the representations recklessly, without regard for its truth." (SAC ¶ 100.) Plaintiffs continue, "Defendants intended that Plaintiffs rely on the representations, and Plaintiff Johnson did rely on the representations." (SAC ¶ 101.) These are conclusory allegations that the Court will not blindly accept as true. *See Iqbal*, 556 U.S. at 681 (stating that the Court is not required to accept conclusory allegations as true). Thus, Plaintiffs fail to sufficiently plead a cause of action for intentional misrepresentation.

Accordingly, the Court **DISMISSES** Plaintiffs' fifth cause of action for intentional misrepresentation **WITH LEAVE TO AMEND**.

**D.    Violation of the California Consumer Credit Report Act (Count VI)**

In their sixth cause of action, Plaintiffs allege that Defendants violated the CCRA, Cal. Civ. Code § 1785.25(a), by reporting "incorrect balance information, interest rate and loan term information to the credit bureaus and regulatory agencies." (SAC ¶ 114.) The Court previously dismissed Plaintiffs' CCRA cause of action because it merely restated the statutory language without any factual support. (Prior Order 13.) Defendants again move to dismiss this cause of action on the grounds that Plaintiffs fail to sufficiently plead a CCRA claim. (Mot. 8.)

Under CCRA section 1785.25(a), "a person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." To establish a CCRA claim, a plaintiff must show that: (1) the defendant is a "person" under the CCRA; (2) the defendant reported information to a Credit Reporting Agency (3) the information reported was inaccurate; (4) the plaintiff was harmed; and (5) the defendant

knew or should have known that the reported information was inaccurate. *Lott v. BSI Fin. Serv., Inc.*, No. 5:23-cv-00269-SSS (SHKx), 2025 WL 211971, at *7 (C.D. Cal. Jan. 6, 2025).

Plaintiffs again fail to plead factual allegations sufficient to support the elements of a CCRA cause of action. Plaintiffs allege that Defendants reported incorrect balance, interest rate, and loan information to the credit bureaus and regulatory agencies and that Defendants needlessly caused a hard inquiry to be placed on Johnson's credit report. (SAC ¶¶ 114–16.) Plaintiffs further allege Navient reported erroneous information and payment delinquencies to credit reporting agencies. (SAC ¶¶ 37, 84.) These are the only allegations from which the Court can infer a CCRA violation. (*See generally* SAC.) Yet, other than through more conclusory allegations, Plaintiffs do not provide facts to suggest that Defendants are "person[s] under the CCRA"; Defendants knew or should have known the reported information was inaccurate; or even that the information was indeed inaccurate. (*See generally id.* ¶¶ 112–18.) Thus, Plaintiffs fail to sufficiently plead a cause of action for violation of the CCRA.

Accordingly, the Court **DISMISSES** Plaintiff's sixth cause of action, **WITH LEAVE TO AMEND**.

### E. Student Borrower Bill of Rights Violations (COUNT VII)

In their seventh cause of action, Plaintiffs allege that Defendants violated six sections of the SBBOR.[5] (SAC ¶ 120.) The Court previously dismissed this cause of action because Plaintiffs did not provide any factual allegations to support an SBBOR violation. (Prior Order 14–15.) Defendants again move to dismiss this cause of action. (Mot. 9–12.)

Plaintiffs amend this cause of action by adding allegations immediately after the listed prohibited conduct. (SAC ¶¶ 122–26.) Of Plaintiffs' amended allegations, all but two are conclusory and not viable. (*See id.* ¶¶ 122–23.) The two allegations that include

---

[5] Plaintiffs list eight types of prohibited conduct corresponding to California Civil Code sections 1788.101(b)(1)–(3), (b)(4)(A), (b)(9), and section 1788.102(t).

sufficient factual support correspond respectively to California Civil Code sections 1788.101(b)(1) and 1788.102(t).

Under California Civil Code section 1788.101(b)(1), a student loan servicer is prohibited from "directly or indirectly employ[ing] a scheme, device, or artifice to defraud or mislead a borrower." Plaintiffs allege that Defendants engaged in such conduct by unilaterally increasing the interest rate on their student loan after modifying the terms, which had previously been extended to last the life of the loan, while continuing to deduct payments under the original terms. (SAC ¶ 122.) The allegations supporting this purported violation are based on the same false promise as Plaintiffs' intentional misrepresentation cause of action. (*See id.* ¶ 105.). Thus, for the same reasons the intentional misrepresentation claim fails, the allegations here are also insufficient to sustain a valid "scheme, device, or artifice." Therefore, Plaintiffs fail to plead a violation of SBBOR section 1788.101(b)(1).

Under California Civil Code section 1788.102(t), a student loan servicer must respond to a qualified written request from a borrower, acknowledging the request within ten days and fulfilling the request in thirty days. A qualified written request is a written correspondence from a borrower—sent by mail, fax, or electronically through a channel designated by the student loan servicer—that enables the loan servicer to identify the borrower's name and account and either explains why the borrower believes the account is in error or provides sufficient detail about the information being requested. Cal. Civ. Code § 1788.100(o)(1)–(2).

Defendants argue Plaintiffs fail to identify a single written request Plaintiffs sent to Navient. (Mot. 12.) Plaintiffs allege Johnson sent a written notice to dispute her loan balance, request an accounting, and request the entirety of the original student loan contract. (SAC ¶ 33.) Plaintiffs additionally allege that Defendants responded and advised Plaintiffs to wait seven to ten business days but never fulfilled the request. (*Id.* ¶ 34.) Plaintiffs lastly allege they sent "qualified written requests," and Defendants

failed to respond within ten days and failed to provide the requested information within thirty days.  (*Id.* ¶ 123.)

Based on these allegations, it is unclear whether the written notice that Plaintiffs sent was a "qualified written request" sufficient to trigger the statute.  Cal. Civ. Code § 1788.100(o).  For instance, Plaintiffs do not allege that Johnson provided the information necessary to enable "the student loan servicer to identify the name and account of the borrower." *Id.*  Plaintiffs' only allegation directly addressing a "qualified written request" is the conclusory allegation that "Defendants failed to respond to qualified written requests." (SAC ¶ 123.)  However, as above, the Court will not accept conclusory allegations as true.  *Iqbal*, 556 U.S. at 681.  Thus, because Plaintiffs do not sufficiently plead a qualified written request, their SBBOR section 1788.102(t) claim fails.

Accordingly, Plaintiffs fail to sufficiently allege any SBBOR violations.  Therefore, the Court **DISMISSES** Plaintiffs' seventh cause of action **WITH LEAVE TO AMEND**.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Dismiss.  (ECF No. 33)  The Court **DISMISSES** Plaintiffs' first and second causes of action **WITHOUT LEAVE TO AMEND**.  The Court **DISMISSES** Plaintiffs' fifth, sixth, and seventh causes of action **WITH LEAVE TO AMEND,** limited specifically to the addition of factual allegations consistent with the challenged pleading to cure the above-noted deficiencies.

If Plaintiffs choose to amend, they must file their Third Amended Complaint by no later than **fourteen (14) days** from the date of this Order, in which case Defendants shall answer or otherwise respond within **fourteen (14) days** of the filing.  If Plaintiffs

do not timely amend, this dismissal shall be deemed a dismissal with prejudice as to the fifth, sixth, and seventh causes of action, as of the lapse of the deadline to amend.

**IT IS SO ORDERED.**

April 4, 2025

                                                      **OTIS D. WRIGHT, II**
                                          **UNITED STATES DISTRICT JUDGE**