O

# United States District Court
# Central District of California

| JOY JOHNSON et al., | Case № 2:24-cv-03164-ODW (SKx) |
|---|---|
| Plaintiffs, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO PARTIALLY DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT [43]** |
| NAVIENT CORPORATION et al., | |
| Defendants. | |

## I.   INTRODUCTION

Plaintiffs Joy Johnson and Micah Brown initiated this action against Defendants Navient Corporation and Navient Solutions, LLC (collectively "Navient") for breach of a student loan contract.  (Third Am. Compl. ("TAC"), ECF No. 42.)  Navient now moves to dismiss four of Plaintiffs' six causes of action under Federal Rule of Civil Procedure ("Rule") 12(b)(6).  (Mot. Dismiss ("Mot." or "Motion"), ECF No. 43.)  For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Navient's Motion to Dismiss.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

The following facts are taken from Plaintiffs' Third Amended Complaint unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### A. Factual Background

In 2005, Johnson obtained three private student loans through Navient to attend law school. (TAC ¶¶ 22–23.) Brown cosigned the loans. (*Id.* ¶ 22.) After completing law school, Johnson began to make payments on the loans. (*Id.* ¶ 25.)

In 2016, Johnson orally modified the terms of the student loans during a telephone call with a "Navient Loan Servicing Representative." (*Id.* ¶ 26.) The oral modification included a new fixed monthly payment, a new fixed interest rate for each loan, an extension of the terms of the loans, and an agreement that Brown would be released as a cosigner after twelve consecutive on-time payments. (*Id.* ¶ 27.) Johnson then set up corresponding automatic monthly payments, which Navient accepted and applied to the loans. (*Id.* ¶ 29.) In March 2023, Johnson discovered her monthly payment amount had increased and the interest rates on her loans had changed. (*Id.* ¶ 31.) Johnson also discovered that Navient had reported her credit information to consumer credit reporting agencies. (*Id.* ¶ 34.)

Johnson then sent a written request to Navient, contesting the interest rate increase and the monthly payment adjustment, and requesting account documentation. (*Id.* ¶ 32.) Navient acknowledged receipt of the request and promised a response, but never responded nor provided the requested documents. (*Id.* ¶ 33.)

### B. Procedural Background

Based on the above allegations, on March 13, 2024, Plaintiffs filed this action against Navient. (Notice Removal Ex. 1 ("Compl."), ECF No. 1-1.)

On June 25, 2024, Plaintiffs filed their First Amended Complaint and asserted seven causes of action. (First Am. Compl. ("FAC") ¶¶ 41–117, ECF No. 19.) The Court subsequently granted Navient's motion to dismiss, (ECF No. 21), and dismissed

Plaintiffs' claims for breach of contract, breach of covenant of good faith and fair dealing, negligent representation, violation of the California Consumer Credit Report Acct ("CCRA"), and violation of the California Student Borrower Bill of Rights Act ("SBBOR") with leave to amend, (*see* Order Granting First Mot. Dismiss, ECF No. 28).

On October 29, 2024, Plaintiffs filed the Second Amended Compliant, again asserting seven causes of action. (Second Am. Compl. ("SAC"), ECF No. 31.) Navient moved to dismiss five of the causes of action, and the Court granted the motion. (Order Granting Second Mot. Dismiss, ECF No. 41.) The Court granted Plaintiffs leave to amend their claims for intentional misrepresentation, violation of the CCRA, and violation of the SBBOR, limiting the amendment to additional factual allegations to cure the deficiencies noted by the Court. (*Id.* at 14.)

On April 17, 2025, Plaintiffs timely filed the operative Third Amended Complaint and asserted six causes of action: (1) promissory estoppel; (2) violation of the California Business and Professions Code section 17200 *et seq*.; (3) intentional misrepresentation; (4) violation of the CCRA; (5) violations of the SBBOR; and (6) failure to respond to a Qualified Written Request. (TAC ¶¶ 42–117.) Navient now moves to dismiss four of the causes of action under Rule 12(b)(6). (Mot. 1.) The Motion is fully briefed. (Opp'n, ECF No. 44; Reply, ECF No. 45.)

## III. LEGAL STANDARDS

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Allegations in a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). Repeated failure to adequately amend signals to the Court that any further amendments would be futile. *William O. Gilley Enters., Inc. v. Atl. Richfield Co.*, 588 F.3d 659, 669 n.8 (9th Cir. 2009) (finding plaintiff's repeated failure to present new facts to state a claim suggested that it would be futile to offer him another chance to do so). A district court's discretion to deny leave to amend is "particularly broad" where the plaintiff has previously amended. *Sisseton–Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir.1996) (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir.1989)).

## IV. DISCUSSION

Navient moves to dismiss Plaintiffs' claims of intentional misrepresentation, violations of the CCRA, and violations of the SBBOR. (*See generally* Mot.)

### A. Intentional Misrepresentation (Count III)

Plaintiffs allege that Navient "intentionally provided false and/or misleading information when renegotiating" the terms of the loan and Navient's further modification to the terms are evidence of "blatant misrepresentation[]." (TAC ¶¶ 84, 91 (emphasis omitted).) Navient moves to dismiss Plaintiffs' intentional misrepresentation claim, arguing that it is time-barred and insufficiently pleaded. (Mot. 4.)

*1. Statute of Limitations*

Navient first argues that Plaintiffs' intentional misrepresentation claim is untimely because the alleged misrepresentation occurred in 2016, and Plaintiffs lack grounds for equitable tolling. (*Id.* at 4.)

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal quotation marks omitted). Intentional misrepresentation is governed by the three-year statute of limitation for common law fraud. Cal. Civ. Proc. Code § 338(d). A cause of action for misrepresentation accrues when the injured party discovers the facts constituting the fraud or when the injured party could have discovered such facts through the exercise of reasonable diligence. *Id.*; *Medallion Film LLC v. Loeb & Loeb LLP*, 100 Cal. App. 5th 1272, 1291 (2024), *review denied* (June 12, 2024).

The parties allegedly modified the loan terms on February 15, 2016. (TAC ¶ 26.) Johnson discovered her monthly payment amounts had increased, in contrast to the modified terms, in March 2023. (*Id.* ¶ 31.) In its Motion, Navient does not address if Johnson could have discovered the facts through exercise of reasonable

diligence earlier than March 2023.  (*See generally* Mot.)  Taking Plaintiffs' allegations as true, Johnson did not know the facts constituting misrepresentation until March 2023.  Since the complaint was filed on March 13, 2024—within three years of March 2023—Plaintiffs' intentional misrepresentation claim is not time barred on the face of the complaint.

    *2.       Sufficiency of Pleading*

Navient next argues that Plaintiffs' intentional misrepresentation allegations fail to meet the heightened pleading standard of Rule 9(b) and are too conclusory to meet "basic pleading standards."  (Mot. 4–5.)  In its prior order, the Court dismissed this claim with leave to amend because Plaintiffs' allegations were too conclusory and failed to satisfy Rule 9(b). (Order Granting Second Mot. Dismiss 10–11.)

Rule 9(b) requires that Plaintiffs' claim for intentional misrepresentation be pleaded with particularity.  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (holding that fraud-based claims arising out of state law are subject to the heightened pleading requirements of Rule 9(b)).  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  To properly plead fraud with particularly under Rule 9(b), "a pleading must identify the who, what, when, where, and how of the misconduct charged." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018).  The pleading must identify time, place, parties involved, content of representations, and explain how representations are false. *In re Cloudera, Inc.*, 121 F.4th 1180, 1187 (9th Cir. 2024) (citing *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam)).  In doing so, the pleading must explain how the statements were false or misleading at the time they were made. *In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 876 (9th Cir. 2012).

To state a claim for intentional misrepresentation, Plaintiffs must show: "(1) a misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) actual and justifiable reliance, and (5) resulting damage." *Aton Ctr. Inc. v. United Healthcare*

*Ins. Co.*, 93 Cal. App. 5th 1214, 1245 (2023). "The absence of any one of these elements will preclude recovery." *Mend Health, Inc. v. Carbon Health Techs., Inc.*, No. 2:21-cv-06142-AB (MRWx), 2022 WL 2191205, at *2 (C.D. Cal. May 3, 2022) (citing *Gonsalves v. Hodgson*, 38 Cal. 2d 91, 100–01 (1951)).

Once more, Plaintiffs fail to explain how the statements were false or misleading at the time they were made, which is required to satisfy Rule 9(b). *In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d at 876. Plaintiffs allege that Navient "falsely assured Plaintiffs that favorable new repayment terms were being implemented" and "misrepresented the availability and processing of repayment plans." (TAC ¶ 36.) But Plaintiffs do not provide facts to show that Navient had any knowledge of falsity at the time of the modification, contending only that "Defendants' representative knew the representations were false, or . . . made the representations recklessly, without regard for [their] truth." (*Id.* ¶ 82.) Absent from the Third Amended Complaint are any facts showing that the Navient Representative knew, at the time of the oral modification in 2016, that Navient would not perform under the oral modification or later alter the payment amounts and/or interest rates without informing Johnson. Rather, Plaintiffs allege that, after the oral modification, Navient accepted and applied the modified automatic payment amounts. (*Id.* ¶ 29.) Plaintiffs' broad contention that the "representative knew the representations were false," (*id.* ¶ 82), thus fails to meet the particularity requirement of Rule 9(b) as it is conclusory and no more than a formulaic recitation of the cause of action's elements. *Twombly*, 550 U.S. at 545.

Accordingly, the Court **DISMISSES** Plaintiffs' third cause of action for intentional misrepresentation **WITHOUT LEAVE TO AMEND**. When a plaintiff fails to properly plead a claim, given specific instructions on how to amend and ample opportunity to amend the complaint, leave to amend is properly denied. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir 2013).

B.     **Violation of the California Consumer Credit Report Act (Count IV)**

Plaintiffs allege that Navient violated California Civil Code section 1785.25(a) by furnishing inaccurate information to credit reporting agencies. (TAC ¶ 95.) Navient argues Plaintiffs' claim for violation of the CCRA is insufficiently pleaded. (Mot. 5–6.) The Court previously dismissed the CCRA cause of action because Plaintiffs failed to provide facts to suggest that Navient is a "person" under the CCRA, the information Navient provided to the agencies was inaccurate, or Navient knew or should have known that the reported information was inaccurate. (Order Granting Second Mot. Dismiss 12.)

"A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). To establish a CCRA claim, a plaintiff must show that: "(1) defendant is a 'person' under the [CCRA]; (2) defendant reported information to a CRA [(credit reporting agency)]; (3) the information reported was inaccurate; (4) plaintiff was harmed; and (5) defendant knew or should have known that the reported information was inaccurate." *Lott v. BSI Fin. Serv., Inc.*, No. 5:23-cv-00269-SSS (SHKx), 2025 WL 211971, at *7 (C.D. Cal. Jan. 6, 2025); *see also Douglass v. USAA Casualty Ins., Inc.*, 718 Fed. App'x 523, 526 (9th Cir. 2017) (granting summary judgment on plaintiff's CCRA claim because plaintiff failed to raise a triable dispute as to whether defendants knew or should have known they reported incomplete or inaccurate information about a credit inquiry).

Plaintiffs, despite clear direction, fail again to provide sufficient factual detail to support the elements of a CCRA cause of action. Plaintiffs did not heed this Court's guidance to provide facts to suggest that Navient are "persons" under the statute. (*See generally* TAC; Order Granting Second Mot. Dismiss 12.) Plaintiffs similarly neglect to provide factual information to show that Navient knew or should have known it reported incomplete information to crediting agencies, alleging only that Navient

"reported inaccurate information . . . including incorrect balance amounts and interest rates." (*Compare* TAC ¶¶ 34, 95, *with* SAC ¶ 114, *and with* FAC ¶ 107.) Plaintiffs do not allege what information Navient reported, what Navient should have reported instead, or how Navient should have known this information was inaccurate. (*See generally* TAC.) Therefore, Plaintiffs fail to cure the previously specified deficiencies and again rely on conclusory allegations that are insufficient to support their claim under the CCRA. *See Koeut v. Navient Corp.*, No. 3:21-cv-01398-AJB-AHG, 2021 WL 4847027, at *3 (S.D. Cal. Oct. 18, 2021) (finding plaintiff did not sufficiently plead facts amounting to claims under the CCRA because plaintiff failed to explain how the defendants knew or should have known that the furnished information was incomplete or inaccurate).

Accordingly, as Plaintiffs had two prior opportunities to amend the pleadings and failed to cure the specified deficiencies as to this claim, the Court **DISMISSES** Plaintiffs' fourth cause of action for violation of the CCRA **WITHOUT LEAVE TO AMEND**. *See Salameh*, 726 F.3d at 1133.

**C.     Student Borrower Bill of Rights Violations (Counts V and VI)**

Plaintiffs allege two causes of action under the SBBOR. In their fifth cause of action, Plaintiffs allege that Navient violated California Civil Code sections 1788.101(b), 1788.102(t)(1), and 1788.103. (TAC ¶¶ 101–17.) In their sixth cause of action, Plaintiffs allege that Navient violated California Civil Code section 1788.102(t). (*Id.* ¶¶ 111–17.) Navient argues the SBBOR causes of action are insufficiently pled. (Mot. 6–7.)

*1.     Sections 1788.101(b) and 1788.103 (Count V)*

In their fifth cause of action, Plaintiffs broadly allege violations of sections 1788.101, 102, and 103.[2] The Court previously dismissed this cause of action because Plaintiffs did not provide sufficient factual support for any of the alleged

---

[2] Plaintiffs list violations of California Civil Code sections 1788.101(b)(1)–(3), (b)(4)(A), (b)(6); (b)(9)(A)–(C); section 1788.103; and section 1788.102(t).

violations. (*See* Order Granting First Mot. Dismiss 14–15; Order Granting Second Mot. Dismiss 13–14.)

In the Third Amended Complaint, the only material change under this cause of action is Plaintiffs' addition of an allegation of violation of section 1788.103 (TAC ¶ 105.) Plaintiffs did not allege a violation of section 1788.103 in their previous complaints. (*See generally* FAC; SAC.) The Court, in its prior order, was very clear that leave to amend was specifically limited to "the addition of factual allegations consistent with the challenged pleading to cure the above-noted deficiencies." (Order Granting Second Mot. Dismiss 14.) The Court did not permit Plaintiffs to allege new violations under the SBBOR and, as this additional violation is not aimed at curing the identified deficiencies, need not consider Plaintiffs' new allegations under section 1788.103.

As to the remaining allegations under this cause of action, they remain largely unchanged from the Second Amended Complaint. (*Compare* TAC ¶¶ 101–10, *with* SAC ¶¶ 119–28.) Plaintiffs broadly list sections 1788.101(b)(1)–(4), (6), and (9). (TAC ¶ 102.) The Court previously cautioned Plaintiffs that listing several sections of the SBBOR in hopes that some may apply does not satisfy the pleading requirements of Rule 8. (Order Granting First Mot. Dismiss 14.) Even considering the expanded factual allegations, (*see* TAC ¶¶ 26–41), Plaintiffs again fail to provide sufficient factual support for any violation of section 1788.101(b).

First, Plaintiffs allege Navient employed "a scheme . . . to defraud or mislead," and made misrepresentations or omissions in violation of sections 1788.101(b)(1)–(2), (6), and (9). (*Id.* ¶¶ 102(f), (i)–(k).) In support, Plaintiffs rely on the same alleged misrepresentation as in their intentional misrepresentation cause of action. As noted above, Plaintiffs fail to plead a misrepresentation as they do not present facts showing the statements were false at the time they were made. Accordingly, these allegations are insufficient for the same reasons the intentional misrepresentation cause of action fails. Similarly, Plaintiffs allege that Navient violated section 1788.101(b)(4) by

failing to accurately report Plaintiffs' payment performance. (*Id.* ¶ 102(h).) This claim relies on the same allegations as the CCRA cause of action. As discussed above, the allegations are insufficient to show how the information was incorrect—i.e. what Navient reported and what Navient should have reported instead. Accordingly, Plaintiffs fail to plead that Navient made an inaccurate report to credit agencies. Lastly, Plaintiffs claim that Navient misapplied payments to the outstanding balance of the loan in violation of section 1788.101(b)(3). (*Id.* ¶ 102(g).) But Plaintiffs do not allege any facts to support this assertion. (*See generally* TAC.) Accordingly, these allegations remain conclusory and are no more than a formulaic recitation of the cause of action's elements. *Twombly*, 550 U.S. at 545.

In its prior order dismissing the Second Amended Complaint, the Court specified that Plaintiffs failed to plead facts sufficient to support any SBBOR violations. (Order Granting Second Mot. Dismiss 12–14.) As this cause of action remains materially unchanged from the Second Amended Complaint and Plaintiffs fail to cure the noted deficiencies, the Court **DISMISSES** Plaintiffs' fifth cause of action for violations of SBBOR section 1788.101 *et seq*. **WITHOUT LEAVE TO AMEND**.[3] *See Salameh*, 726 F.3d at 1133.

   2.   Section 1788.102(t)(1) (Count VI)[4]

Plaintiffs allege Navient failed to respond to a Qualified Written Request ("QWR") in violation of California Civil Code section 1788.102(t)(1). (TAC ¶ 113.) Navient moves to dismiss this cause of action, claiming Plaintiffs failed to show they sent a proper QWR. (Mot. 9–10.) The Court previously dismissed this claim because Plaintiffs did not provide sufficient facts to show whether the written notice sent was a QWR. (Order Granting Second Mot. Dismiss 13–14.)

---

[3] As the claims fail on these grounds, the Court need not address Navient's additional time-bar, preemption, and inapplicability arguments on the fifth cause of action. (Mot. 7–9.)

[4] In their Second Amended Complaint, Plaintiffs alleged a violation of section 1788.102(t)(1) under their cause of action for SBBOR violations under section 1788.101 *et seq*. (*See* SAC ¶ 123.) As Plaintiffs now separate this claim into a separate sixth cause of action, (TAC ¶¶ 111–17), the Court analyzes it separately from Plaintiffs' fifth cause of action for violations of section 1788.101 *et seq*.

1    Upon receipt of a QWR, a student loan servicer must respond by
2 acknowledging receipt of the request and providing information relating to the request
3 and, if applicable, either take action to correct the account or provide an explanation
4 for the position that the borrower's account is correct. Cal. Civ. Code
5 § 1788.102(t)(1). A QWR is a written correspondence made by a borrower that is
6 transmitted by mail or electronically. *Id.* § 1788.100(o). A QWR must (1) enable the
7 student loan servicer to identify the name and account of the borrower; and (2) include
8 a statement of the reasons for the belief by the borrower that the account is in error or
9 that provides sufficient detail to the servicer regarding information sought by the
10 borrower. *Id.* § 1788.100(o)(1)–(2).

11    Plaintiffs allege they sent a written correspondence to Navient in March 2023.
12 (*See* TAC ¶¶ 32, 105, 112.) Plaintiffs contend the correspondence "included
13 information sufficient to identify Plaintiff and the loans." (*Id.* ¶ 32.) In support,
14 Plaintiffs allege that Navient acknowledged the request and informed Plaintiffs it
15 would respond "within 7–10 business days." (*Id.* ¶ 33.) Thus, Plaintiffs sufficiently
16 allege that the correspondence contained information that would enable Navient to
17 identify the name and account of the borrower, especially because Navient
18 acknowledged the request and stated it would respond. Although Navient argues the
19 correspondence does not include the reasons Plaintiffs believe the account is in error,
20 (Mot. 9), Plaintiffs allege the correspondence included a statement indicating why
21 they believed the account was in error by noting "the loans were supposed to be a
22 fixed rate payment at approximately 3.0%" and disputing the payment change and
23 balance, (TAC ¶¶ 32, 112). Therefore, Plaintiffs sufficiently plead that their
24 March 2023 correspondence satisfies the requirements for a Qualified Written Request
25 under SBBOR.

26    Navient argues that, even if Plaintiffs' written request qualified as a QWR, the
27 statutory duty to respond to a QWR is not triggered unless the plaintiffs request
28 information relating to the *servicing* of the loan. (Mot 9–10.) Navient contends

Plaintiffs' correspondence does not relate to servicing because it merely disputes the terms of the loan agreement and challenges a contractual issue. (*Id*.) To support this contention, Navient relies on case law discussing the Real Estate Settlement Procedures Act ("RESPA"). (*Id.* (citing *Medrano v. Flagstar Bank, FSB* 704 F.3d 661 (9th Cir 2012)).)

On this point, RESPA is distinguishable from the SBBOR. RESPA's QWR provision provides: "If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the **servicing** of such loan, the servicer shall provide a written response . . . ." 12 U.S.C § 2605(e)(1)(A) (emphasis added). In contrast, the SBBOR does not require a QWR to relate to the servicing of the loan. *See* Cal. Civ. Code §§ 1788.102(t)(1), 1788.100(o). Instead, the SBBOR explicitly allows for the QWR to request "a complete payment history for the loan or the borrower's account," Cal. Civ. Code § 1788.100(o)(2), a request which would not qualify as a QWR under RESPA, *see Wahl v. JPMorgan Chase Bank, N.A.*, No. 2:11-cv-06191-PSG (SPx), 2012 WL 13009120, at *5 (C.D. Cal. May 2, 2012) (finding a request for the "complete life of loan transactional history" was an "all encompassing request[] for documents and . . . not the type of information RESPA contemplates"). Therefore, Plaintiffs' correspondence does not have to relate to the servicing of the loan under SBBOR's requirements.

As discussed above, Plaintiffs sufficiently plead that their March 2023 correspondence satisfies the requirements for a Qualified Written Request under SBBOR. Therefore, the Court **DENIES** Navient's motion to dismiss Plaintiffs' sixth cause of action under section 1788.102(t)(1).

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** Navient's Motion to Dismiss. (ECF No. 43.) The Court **DISMISSES** Plaintiffs' third, fourth, and fifth causes of action **WITHOUT LEAVE TO AMEND.** Navient shall file an answer to the Complaint within **fourteen (14) days** of this Order.

**IT IS SO ORDERED.**

August 7, 2025

                                        **OTIS D. WRIGHT, II**
                              **UNITED STATES DISTRICT JUDGE**